IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID E. COCHRAN, et al., | ) | CASE NO. 1:13-cv-02628 |
| | ) | |
| Plaintiffs, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

Plaintiffs David E. Cochran ("Cochran") and Carl E. Stehle ("Stehle") ("Plaintiffs") are Ohio residents who retired from the Ohio Air National Guard as dual-status technicians.[1] Doc. 17.  Their Social Security retirement benefits were reduced by the Social Security Administration ("SSA") pursuant to a statutory provision known as the Windfall Elimination Provision ("WEP"). Doc. 17, ¶¶ 6, 18; Doc 26-3; Doc. 27-3.  Plaintiffs bring this action to contest WEP's application to them, citing *Petersen v. Astrue*, 633 F.3d 633, a 2011 decision by the Eighth Circuit that held that an exception contained within the WEP statute bars the application of WEP to dual-status retirees who served in the uniformed services. As described below, the SSA's policy is not to apply *Petersen* retroactively or to retirees residing outside the Eighth Circuit.

Plaintiffs' Amended Complaint does not allege that they sought review of their initial benefit determinations, which were made by the SSA in 2009 and 2011, although they had a

---

[1] Plaintiffs allege they were Ohio Air National Guard dual-status technicians because they both were civilian employees of the Federal Governments and members of the National Guard.  Doc. 17, ¶¶ 4, 16. As dual-status technicians they receive Social Security retirement benefits and a pension based on work not covered by Social Security.  Doc. 26-2, p. 7; Doc. 27-2, p. 7.

1

right to such review and would have been entitled to hearings and subsequent judicial review at that time. Rather, Plaintiffs seek review of the SSA's denials of their requests for reconsideration, which they did not file until 2013.

The Commissioner has filed a Motion for Misjoinder of Parties (Doc. 24) and Motions to Dismiss Plaintiffs' Amended Complaint (Doc. 26 (Motion to Dismiss Cochran's Complaint) and Doc. 27 (Motion to Dismiss Stehle's Complaint)),[2] which are ripe for consideration by this Court.

As explained below, the undersigned concludes that this Court lacks subject matter jurisdiction of this action under the applicable statute, 42 U.S.C. § 405(g), because the ALJ's orders dismissing Plaintiffs' requests for hearings on their applications for reconsideration were not final decisions made after a hearing. Moreover, Plaintiffs have not presented a colorable constitutional claim such that subject matter jurisdiction would exist notwithstanding the lack of a final decision made after a hearing. Accordingly, the undersigned recommends that Defendant's Motions to Dismiss (Doc. 26; Doc. 27) be **GRANTED**. The undersigned also recommends that Defendant's Motion for Misjoinder of Parties (Doc. 24) be **DENIED as MOOT**.

## I. Background

**A. Windfall Elimination Provision ("WEP")**

The WEP was enacted "to eliminate the unintended benefits windfall that occurs when workers . . . split their career between covered employment (required to pay Social Security taxes) and noncovered employment (exempt from Social Security taxes)." *Petersen*, 633 F.3d 633, 634 (8th Cir. 20 11)(citing 42 U.S.C. § 415). Prior to WEP, when calculating an

---

[2] Because the Commissioner had filed a Motion for Misjoinder (Doc. 24), the Commissioner filed separate Motions to Dismiss (Doc. 16, p. 1, n. 1; Doc. 27, p. 1, n. 1).

individual's benefit amount, the SSA did not consider whether the individual's earnings were from covered or non-covered employment. *Id.* Thus, individuals with "a split career received both full Social Security benefits and whatever pension benefits were provided by the non-covered employment." *Id.* at 634-635. Thus, "[t]he WEP requires a calculation of the Social Security benefit under a modified formula to account for the civil service pension benefits." *Id.* at 634-635. As discussed below, the WEP has statutory exceptions, one of which was addressed in *Petersen* and is relevant here.

**B.     *Petersen*, Acquiescence Ruling 12-1(8), and POMS RS 00605.380**

*Petersen*

On February 3, 2011, the Eighth Circuit Court of Appeals decided *Petersen*. 633 F.3d 633. In *Petersen*, the court interpreted and applied a statutory exception to the WEP involving members of the uniformed services. *Id.* at 635. The exception provides that WEP is not to be used to reduce benefits if a claimant is receiving "'a monthly periodic payment . . . based wholly on service as a member of a uniformed service . . . '" *Id.* (quoting 42 U.S.C. 415(a)(7)(A)). Petersen worked for the Nebraska Air National Guard as a National Guard technician and, under the National Guard Technicians Act of 1968, he was considered a "dual status" federal employee. *Id.* When Petersen retired from his National Guard technician position in 2000, he started to receive a civil pension based on his service. *Id.* Thereafter, in 2006, he applied for retirement benefits from the SSA. *Id.* He received retirement benefits but his benefit amount was reduced under the WEP upon initial consideration and reconsideration. *Id.*

Upon Petersen's request, the SSA's decision to reduce his benefit amount based on the WEP was reviewed by an Administrative Law Judge. *Id.* The Administrative Law Judge reversed that decision, finding that National Guard technicians were on full-time military duty

3

when performing their jobs and therefore the exception to WEP applied and Petersen's benefit amount should not have been reduced. *Id.* The Appeals Council disagreed and held that the exception did not apply to Petersen. *Id.* Petersen sought review by the district court and the district court found that "Petersen's pension was payment based on service as a member of a uniformed service and thus subject to the WEP exception." *Id.* (internal quotations omitted).

The SSA appealed that decision to the Eighth Circuit, arguing that, notwithstanding the military requirements imposed on National Guard technicians, since they were defined as "Federal civilian employees" it meant that their work was performed "by," not "as," a member of the uniformed service.[3] *Id.* at 637. The Eighth Circuit agreed with the district court, holding that, "absent from the WEP exception is a requirement that the 'service' be only in the non-civilian or military duty capacity" and the "plain language of the statute makes it abundantly clear that the exception applies to all service performed as a member of a uniformed service." *Id.* at 637. The court rejected the SSA's request that the court read a "military duty" requirement into the statute. *Id.*

The SSA did not seek review of the Eighth Circuit's decision by the Supreme Court. Following *Petersen*, the SSA issued an Acquiescence Ruling ("AR")[4] and a POMS.[5] The AR and the POMS, described below, state the SSA's policy to apply *Petersen* only to dual-status

---

[3] In the district court, the SSA also sought an order to alter or amend the judgment under Fed. R. Civ. P. 59(e), which was rejected by the district court. *Petersen*, 633 F.3d at 635.

[4] When the SSA "determine[s] that a United States Court of Appeal holding conflicts with . . . [its] interpretation of a provision of the Social Security Act or regulations and the Government does not seek further judicial review or is unsuccessful on further review, . . . [the SSA] will issue a Social Security Acquiescence Ruling." 20 C.F.F. § 404.985(b).

[5] "POMS" stands for Program Operations Manual System. "The POMS is a primary source of information used by Social Security employees to process claims for Social Security benefits." https://secure.ssa.gov/apps10/poms.nsf/Home?readform (last visited 10/2/2014).

4

retirees who reside in states located within the Eighth Circuit and, even within the Eighth Circuit, to apply *Petersen* only prospectively, not retroactively.

*Acquiescence Ruling 12-1(8) ("Petersen AR")*

Acquiescence Ruling 12-1(8) ("AR 12-1(8)") addresses *Petersen* and the issue of "Whether a National Guard technician who worked in noncovered employment under the Civil Service Retirement System (CSRS) is subject to the WEP." *See* AR 12-1(8). With respect to its application of *Petersen*, AR 12-1(8) provides:

> Social Security old-age or disability applicants and beneficiaries who receive a CSRS[6] pension based on noncovered work as dual status National Guard technicians, and who are permanent legal residents of a State within the Eighth Circuit, should have their Social Security benefits computed using the normal PIA,[7] rather than the WEP PIA described in 42 U.S.C. 415(a)(7) of the Act. A decisionmaker should not apply this AR to an applicant or beneficiary who is not a permanent legal resident of a State within the Eighth Circuit at the time of making the determination or decision to apply the WEP. Before we determine that the WEP does not apply, we must have evidence that an applicant's or beneficiary's CSRS pension is based on service as a dual status civilian technician with the National Guard.

AR 12-1(8).

*POMS RS 00605.380*

POMS RS 00605.380 addresses how to apply the *Petersen* AR and provides that the WEP should not be applied when: (1) "the beneficiary receives a CSRS pension based wholly on service as a dual status civilian technician for the National Guard;" (2) the beneficiary has his permanent legal residence in AR, IA, MN, MO, NE, ND, or SD [states within the Eighth Circuit] at the time we make the WEP determination or decision; and" (3) "we make the WEP initial determination or appeal decision on or after February 3, 2011." *See* POMS RS 00605.380(B)(1). The POMS further provides that, if a beneficiary does not meet the *Petersen* AR criteria, a notice

---

[6] "CSRS" means for Civil Service Retirement System. *See* AR 12-1(8).

[7] "PIA" means primary insurance amount. *See* AR 12-1(8).

5

to deny the request for readjudication should be sent. *See* POMS RS 00605.380(D)(3)(b). The POMS indicates that "[a] denial of a request for readjudication is not an initial determination subject to appeal." *Id.*

## C. Cochran and Stehle

### *Cochran*

Cochran resides in Mansfield, Ohio. Doc. 17, ¶ 2. Cochran was an Ohio Air National Guard dual-status technician. Doc. 17, ¶ 4. His start date was November 7, 1979, and he retired on January 11, 2003. Doc. 17, ¶ 4. In 2009, Cochran applied for Social Security retirement benefits. Doc. 17, ¶ 5; Doc 26-2, p. 2. On March 10, 2009, the SSA notified Cochran that his monthly retirement benefit amount would be $490.00 and his monthly benefit amount was being reduced under the Windfall Elimination Provision ("WEP"). Doc. 17, ¶ 6; Doc. 26-3. Although the SSA notified Cochran that he could seek reconsideration of the decision within 60 days from his receipt of the March 10, 2009, decision (Doc. 26-3, p. 2), Cochran did not do so. However, 4 years later, on or about April 9, 2013, he sought reconsideration. Doc. 17, ¶ 7. On April 9, 2013, the SSA denied Cochran's request for reconsideration. Doc. 17, ¶ 7; Doc. 26-4. Cochran then, on or about April 18, 2013, requested a hearing before an Administrative Law Judge. Doc. 17, ¶ 8; Doc. 26-2, pp. 4-9. On May 1, 2013, the ALJ dismissed Cochran's request for a hearing. Doc. 17, ¶ 9; Doc. 26-2, pp. 3, 4-9. In dismissing Cochran's request for a hearing considered POMS RS 00605.380 and concluded that:

> I find that the agency action in not applying the *Peterson* [sic] ruling in this particular case was appropriate and that, in accordance with 20 CFR 404.903, the action was not an initial determination. The claimant has no right to a hearing under 20 CFR 404.930, as the agency action does not give rise to further administrative or judicial review. Under the provisions of 20 CFR 404.930 and 404.957(c)(2), the request for hearing filed on April 22, 2013, is dismissed, and the determination dated April 9, 2013, remains in effect.

Doc. 26-2, p. 9. On or about June 12, 2013, Cochran sought review of the ALJ's decision by the Appeals Council. Doc. 17, ¶ 10. On October 28, 2013, the Appeals Council denied Cochran's request for review. Doc. 17, ¶ 11; Doc. 26-2, pp. 3, 16-17.

*Stehle*

Stehle resides in Mansfield, Ohio. Doc. 17, ¶14. Stehle was an Ohio Air National Guard dual-status technician. Doc. 17, ¶ 16. His start date was April 18, 1972, and he retired on January 4, 1999. Doc. 17, ¶ 19. On July 7, 2011, Stehle applied for Social Security retirement benefits. Doc. 17, ¶ 17; Doc. 27-2, p. 2. On August 1, 2011, i.e., after *Petersen* was decided, the SSA notified Stehle that he would be receiving monthly retirement benefits in the amount of $346.00 and that his monthly benefit amount was reduced under the WEP. Doc. 17, ¶ 18; Doc. 27-3. Although notified that he could seek reconsideration of the decision within 60 days from his receipt of that August 1, 2011, decision (Doc. 27-3, p. 3), Stehle did not do so. However, almost 2 years later, on or about April 4, 2013, he sought reconsideration. Doc. 17, ¶ 19. On April 4, 2013, the SSA denied Stehle's request for reconsideration. Doc. 17, ¶ 19; Doc. 27-4. Stehle then, on or about May 9, 2013, requested a hearing before an Administrative Law Judge. Doc. 17, ¶ 20; Doc. 27-2, pp. 4-9. On June 28, 2013, the ALJ dismissed Stehle's request for a hearing using the same language used in denying Cochran's request, which is quoted above. Doc. 17, ¶ 21; Doc. 27-2, pp. 2-3, 4-9. Doc. 27-2, p. 9. On or about July 11, 2013, Stehle sought review of the ALJ's decision by the Appeals Council. Doc. 17, ¶ 22. On November 26, 2013, the Appeals Council denied Stehle's request for review. Doc. 17, ¶ 23; Doc. 26-7, pp. 3, 11-12.

## II. Motion to Dismiss

### A. Motion to Dismiss Standard

"When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003) (internal citations and quotations omitted). In reviewing a motion to dismiss for lack of subject matter jurisdiction, "the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Id.* (internal citations omitted). "However, where a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Id.* (internal citations omitted).

### B. Analysis

Plaintiffs assert jurisdiction pursuant to 42 U.S.C. § 405(g). Doc. 17, ¶¶ 1, 13. 42 U.S.C. § 405(g) provides in relevant part:

> Any individual, after any **final decision of the Commissioner of Social Security made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis supplied).

Under 42 U.S.C. § 405(g), a district court has jurisdiction to review a final decision made by the Commissioner after a hearing.[8] *See Willis v. Sullivan,* 931 F.2d 390, 396 (6th Cir.1991). To satisfy the finality requirement, a claimant must: (1) present a claim for benefits; and (2) exhaust the administrative remedies. *Id.* at 396-397 (internal citations omitted).  The first of the two requirements cannot be waived but the second requirement may be waived. *Id.*  The term "final decision" is undefined by the Act and "its meaning is left to the . . . [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).

Under the Commissioner's regulations, a "final decision" is one rendered after a claimant has completed the four-step administrative review process set forth in 20 C.F.R. § 404.900(a).[9] First, a claimant must receive an initial determination. 20 C.F.R. § 404.900(a)(1).  An "initial determination" is a determination made about a claimant's entitlement or continuing entitlement to benefits or any other matter as provided in 20 C.F.R. § 404.902 that gives a claimant a right to further review.  20 C.F.R. § 404.900(a)(1).  Second, if dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.900(a)(2). Third, if dissatisfied with the reconsideration determination, the claimant may request a hearing before an ALJ. 20 C.F.R. § 404.900(a)(3). Fourth, if dissatisfied with the ALJ's decision, the claimant may request the SSA's Appeals Council to review the ALJ's decision. 20 C.F.R. § 404.900(a)(4). The Appeals Council may deny the request for review or the Appeals Council may grant the request and issue its own decision.  20 C.F.R. § 404.967.  Once the foregoing steps in the administrative review process are completed, the SSA will have made its "final decision" and it is then that a claimant may

---

[8] Two other conditions are required in order to obtain judicial review: (1) commencement of an action within 60 days after the mailing of the notice of the decision; and (2) filing of the action in the proper district court.  *Willis,* 931 F.2d at 396.  The finality requirement is the condition at issue in this case.

[9] The steps usually must be requested within a certain time period.  20 C.F.R. § 404.900(a).

seek judicial review by commencing an action in federal district court within sixty days after receiving notice of the Appeals Council's decision. 20 C.F.R. §§ 404.900(a)(5) and 404.981.

The Commissioner contends that the SSA's denials of Plaintiffs' requests for reconsideration were not "final decisions made after a hearing" and thus this Court lacks jurisdiction in this case under 42 U.S.C. § 405(g). Doc. 26; Doc. 27. In dismissing Plaintiffs' requests for hearings on their applications for reconsideration, the ALJ relied upon POMS RS 00605.380 and concluded that the SSA's "failure to apply the *Petersen* Ruling is not an initial determination" and therefore the SSA's decisions denying Plaintiffs' requests for reconsideration were not subject to the administrative review process. Doc. 26-2, pp. 8-9; 27-2, pp. 8-9. POMS RS 00605.380 provides in part that, if a claimant who resides in a state not within the jurisdiction of the Eighth Circuit, his request for readjudication should be denied. Doc. 26-2, pp. 8-9; Doc. 27-2, p. 8.

Plaintiffs argue that the "ALJ's decision and his utilization of POM's section RS 00605.380, section B denied Plaintiff[s] . . . their Due Process rights to retirement benefits . . . [they] earned because the denial of . . . [their] request[s] for reconsideration of . . . [their] retirement benefits was a foregone conclusion" because they reside in Ohio. Doc. 28, p. 9; Doc. 29, p. 9. However, Plaintiffs have not demonstrated or argued that the SSA's denial of their requests for reconsideration, which were filed well beyond 60 days after their receipt of the SSA's notice of reduction in their monthly benefit amounts, constituted "initial determinations" such that the administrative review process set forth in 20 C.F.R. § 404.900 was applicable. For example, the regulations specify that, included among those administrative actions that are <u>not</u> initial determinations, are a denial of a request to reopen a determination or decision and a denial of a request to readjudicate a claim and apply an Acquiescence Ruling. *See* 20 C.F.R. §

404.903(l), (o). Thus, while those administrative actions may be reviewed by the SSA, they are not subject to the administrative review process or judicial review. 20 C.F.R. § 404.903. Accordingly, since the SSA's decisions not to reconsider calculation of Plaintiffs' retirement benefits were not final decisions "made after a hearing" the Court is without jurisdiction under 42 U.S.C. § 405(g) to review those decisions and/or the ALJ's dismissals of the Plaintiffs' requests for a hearing.

Notwithstanding the lack of a final decision after a hearing, a decision by the Commissioner is subject to judicial review where a colorable constitutional claim has been raised. See *Califano v. Sanders*, 430 U.S. 99, 108-109 (1977) (indicating that "[a] petition to reopen a prior final decision may be denied without a hearing" but recognizing the availability of judicial review where constitutional questions are at issue); *Hilmes v. Sec. of Health & Human Services*, 983 F.2d 67, 70 (6th Cir. 1993). A claim is not colorable if it is "immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, n. 10 (2006) (discussing whether a claim was colorable in the context of federal question jurisdiction).

Thus, the Court must review Plaintiffs' allegation of a constitutional violation to determine whether they have raised a colorable constitutional claim.[10] Prior to a social security claim being denied, "due process require[s] that a claimant receive meaningful notice and an opportunity to be heard." *Parker v. Califano*, 644 F.2d 1199, 1203 (6th Cir. 1981). The crux of Plaintiffs' argument is that they were denied their right to a "hearing to determine . . . [their] rightful compensation for . . . [their] service in the National Guard." Doc. 28, p. 7; Doc. 29, p. 7. However, Plaintiffs have not presented a colorable claim that they were denied an opportunity

---

[10] The undersigned notes that the Commissioner did not address Plaintiffs' constitutional due process claim. However, the Court is obligated to determine whether subject matter jurisdiction exists based on a colorable constitutional claim. *Arbaugh*, 546 U.S. at 514.

for a hearing to determine their rightful compensation because it is not disputed that they had a right to review and to hearings in connection with the initial determinations of their claims. Here, neither Plaintiff has alleged that, when the administrative review process was available to them in 2009 and 2011, respectively, they sought and/or were denied administrative review of their reduction of benefits based on the WEP. For example, Stehle did not seek administrative review of the SSA's August 1, 2011, initial determination, which included a reduction in his benefits based on the WEP, even though that initial determination was made 6 months after the *Petersen* decision. Instead, Stehle did not seek to have his claim readjudicated until 2 years after his 2011 initial determination and more than 2 years after the *Petersen* decision. Cochran did not seek to have his claim readjudicated until over 4 years after his initial determination and 2 years after the *Petersen* decision. Thus, while Plaintiffs' 2013 requests for reconsideration were denied and their subsequent requests for hearings were dismissed (Doc. 17, ¶¶ 7-9, 19-21; Doc. 26-2; Doc. 26-4; Doc. 27-2; Doc. 27-4), Plaintiffs have not demonstrated that they were denied an opportunity for a hearing to determine their rightful compensation. Had Plaintiffs pursued the administrative processes available to them when their initial determinations were made, as Petersen did, they could have challenged the application of WEP to their benefit determinations and this Court would have had jurisdiction in the event that the Commissioner denied their claims.

In reaching the recommendations contained herein, the undersigned finds the recent decision in *Mitchael v. Soc. Sec.*, 2014 WL 4662369, * 8 (E.D. Arkansas Sept. 16, 2014), persuasive although not binding. In *Mitchael*, plaintiffs, permanent residents within the jurisdiction of the Eighth Circuit, were refused recalculations based on *Petersen* because their

benefit determinations were made prior to February 3, 2011.[11] *Mitchael*, 2014 WL 4662369. Plaintiffs claimed that they were "unable to have their benefit decisions using the WEP judicially or administratively reviewed and continue[d] to receive payments reduced by the WEP." *Mitchael*, 2014 WL 4662369, * 2. Thus, they sought a ruling from the court that the SSA's application of the WEP to their claims was unlawful. *Id.* They also sought both prospective and retroactive benefit payments. *Id.* The Defendants moved to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and failure to state a claim. *Id.* at 1. The court concluded that the plaintiffs had failed to establish colorable constitutional due process[12] and equal protection[13] claims and granted the Defendants' motion to dismiss for lack of subject matter jurisdiction. *Id.* at 7-10.

As discussed herein, Plaintiffs have not demonstrated that subject matter jurisdiction exists under 42 U.S.C. § 405(g) because the denials of their 2013 requests for reconsideration were not final decisions of the Commissioner made after hearings. Nor have Plaintiffs stated a colorable due process claim because they did have available to them a review and hearing process with respect to their initial determinations, a process they failed to utilize.

### III. Conclusion and Recommendation

For the reasons set forth herein, the undersigned recommends that the Court **GRANT** Defendant's Motions to Dismiss (Doc. 26; Doc. 27) and dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction. In light of the undersigned's recommendation with

---

[11] *Petersen* was decided on February 3, 2011.

[12] In *Mitchael*, the plaintiffs argued that they had a colorable constitutional due process claim because they had no "avenue to appeal their benefit determinations post-*Petersen*." 2014 WL 4662369, *8.

[13] In *Mitchael*, the plaintiffs' equal protection claim was that they were being treated differently than National Guard technicians whose benefits were decided after the *Petersen* decision. 2014 WL 4662369, *7. Plaintiffs here have not presented an equal protection claim.

respect to Defendant's Motions to Dismiss, the undersigned also recommends that Defendant's Motion for Misjoinder (Doc. 24) be **DENIED as MOOT**.

Dated: October 2, 2014

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).